UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

WILLIAM MITCHELL HICKS, JR.,                    Case No. 2:15-cv-01220-MC

    Plaintiff,                                   OPINION AND ORDER

    v.

O.D.O.C.; T.R.C.I.; SUPERINTENDENT
MYRICK; CAPT. PEDRO; LT. EDISON;
LT. BOSTON; CORP. GRANT; C/O
LEMMON; T.R.C.I. DENTIST DR.
PUTNAM,

    Defendants.
_____

MCSHANE, District Judge:

    Plaintiff, an inmate currently at Snake River Correctional Institution (SRCI), filed suit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his safety and serious medical needs and retaliation. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on all claims. For the reasons set forth below, defendants' motion is granted.

## DISCUSSION

    In his complaint, plaintiff alleges three claims for relief: 1) failure to protect him from assault; 2) deliberate indifference to his serious dental needs; and 3) denial of housing placement

1    - OPINION AND ORDER

due to retaliation. Compl. at 4-6 (ECF No. 2). Defendants contend that plaintiff failed to exhaust his administrative remedies with respect to each claim and move for summary judgment accordingly.[1] To prevail on their motion, defendants must show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56.").

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a court action to redress prison conditions or incidents. 42 U.S.C § 1997e(a). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison grievance processes. *Woodford v. Ngo,* 548 U.S. 81, 84, 90 (2006). To meet this requirement, inmates must complete the administrative review process and comply with all applicable procedural rules by appealing a grievance decision to the highest level before filing suit. *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (per curiam); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). Notably, the PLRA does not require exhaustion when administrative remedies are "effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010); *see also Marella*, 568 F.3d at 1027 (administrative remedies may be effectively unavailable where the prisoner lacks the necessary forms or is informed that he cannot file a grievance); *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (an administrative remedy must be available "as a practical matter").

---

[1] Defendants also argue that several defendants had no involvement in the alleged deprivation of plaintiff's rights, defendants did not exhibit deliberate indifference to plaintiff's safety or his medical needs, and qualified immunity and the Eleventh Amendment bar plaintiff's claims. I find that plaintiff failed to exhaust his administrative remedies and do not address defendants' remaining arguments.

2   - OPINION AND ORDER

The Oregon Department of Corrections (ODOC) has a three-step grievance and appeal process to address inmate complaints. Or. Admin. R. 291-109-0140(1)(a). Inmates may file grievances for numerous issues, including "unprofessional behavior or action which may be directed toward an inmate by an employee or volunteer" or an "oversight or error affecting an inmate." *Id.* 291-109-0140(2)(c),(d). Unless the matter is an emergency, the inmate must file the requisite grievance form within 30 working days of the alleged condition or incident. *Id.* 291-109-0150(2). A grievance that is returned to the inmate on procedural grounds may not be appealed. Instead, the inmate may resubmit the grievance within 14 days if the procedural errors can be corrected. *Id.* 291-109-0160(5). An inmate may appeal the initial grievance response within 14 calendar days from the date the denial was sent to the inmate. *Id.* 291-109-0170(1)(b). If the appeal is denied, the inmate may file a second and final appeal within 14 days of the date the denial was sent to the inmate. *Id.* 291-109-0170(2)(c). As with initial grievances, appeals that are returned to the inmate for procedural reasons may not be appealed further but may be resubmitted after correction of the procedural errors. *Id.* 291-109-0170(1)(c),(2)(d). A decision following a second appeal is final and not subject to further review. *Id.* 291-109-0170(2)(f).

    A. <u>Failure to Protect and Housing Retaliation</u>

From September 2012 to July 2015, plaintiff was housed at Two Rivers Correctional Institution (TRCI). Plaintiff alleges that on September 10, 2014 he was punched from behind and on the side of his jaw by inmate Shawn Johnson. Compl. at 4. Johnson had previously struck plaintiff in the face in January 2014. Plaintiff contends that, prior to the September assault, he told Capt. Pedro that he was concerned about Johnson and requested a transfer to the Administrative Housing Unit (AHU) at SRCI. Plaintiff alleges that he was instructed to fill out a "conflict form" regarding inmate Johnson and was assured by Capt. Pedro that Johnson would

not be placed in plaintiff's housing unit, Unit-8.[2] Plaintiff contends that despite his concerns, inmate Johnson was placed in Unit-8. Plaintiff further alleges that he informed Correctional Officer Lemmon about his issue with Johnson approximately 30 minutes before the September assault, and that Lemmon failed to take action. Compl. at 4-5. Plaintiff also alleges that defendants refused to transfer him to the SRCI AHU in retaliation for plaintiff's past activities as an informant for federal law enforcement agencies. Compl. at 5.

Defendants contend that plaintiff did not exhaust his administrative remedies as to either claim. I agree. According to the record before the court, plaintiff submitted four grievances regarding protection from Johnson and placement in administrative housing, and he did not complete the administrative process for any of them.

On January 28, 2014, plaintiff submitted Grievance No. TRCI-2014-01-175 (dated January 26, 2014). Plaintiff complained that he was not assigned to the AHU after being assaulted by Johnson. Eynon Decl. Att. 5 at 1. The grievance was denied on February 13, 2014, because a separate review process applies to requests to be placed in administrative segregation and an inmate cannot grieve that issue. *Id.* Att. 5 at 2. Plaintiff did not appeal this denial.

On February 21, 2014, plaintiff submitted a discrimination complaint, No. TRCI-2014-02-156. Plaintiff alleged discrimination due to the fact that he had not been placed in administrative segregation. Eynon Decl. Att. 6 at 1. On March 6, 2014, the complaint was denied because plaintiff's complaint was considered a grievance issue and he had used the wrong form. Plaintiff did not file an appeal. *Id.* Att. 6 at 2.

---

[2] The evidence reflects that plaintiff did not fill out a conflict form for Johnson until after the September assault. Eynon Decl. Att. 7.

On September 15, 2014, plaintiff submitted Grievance No. TRCI-2014-09-061 (dated September 14, 2014). Plaintiff complained that he had not been assigned a single cell or to administrative segregation and, as a result, had been assaulted again by Johnson on September 10. Plaintiff requested transfer to SCRI AHU to protect him from further injury. Eynon Decl. Att. 7 at 1. On September 28, 2014, Lt. Boston responded to the grievance and explained he and plaintiff had met to discuss plaintiff's concerns. Lt. Boston explained that plaintiff had completed a conflict form regarding Johnson and reminded plaintiff that he was familiar with the process to request administrative housing and could obtain an application. *Id.* Att. 7 at 2.

Plaintiff filed an appeal, and on October 14, 2014 it was returned for corrections. *Id.* Att. 7 at 3-5. On October 28, 2014, plaintiff submitted a corrected appeal and complained that a conflict form for Johnson would not be effective and requested housing in administrative segregation. *Id.* Att. 7 at 6. On November 25, 2014, Superintendent Myrick responded and explained that an approved conflict form is a substantial step in avoiding potential issues between inmates. Superintendent Myrick reminded plaintiff that he had met with Capt. Iverson on October 10, 2014 and had signed an Assignment to Administrative Segregation form to initiate the process. *Id.* Plaintiff did not file a second appeal and did not exhaust his administrative remedies as to this grievance.

On September 25, 2014, plaintiff submitted Grievance No. TRCI-2014-09-125 (dated September 24, 2014) and complained that he was assaulted after being housed in the same unit as Johnson. Eynon Decl. Att. 9 at 1. On October 1, 2014, Capt. Pedro responded and reminded plaintiff that they had spoken about Johnson a few weeks earlier and Capt. Pedro had explained that prison staff was not aware that Johnson would assault plaintiff again. *Id.* Att. 9 at 2. Capt. Pedro also confirmed that they discussed plaintiff's desire to be housed in AHU because of his

past history as an informant. Capt. Pedro restated his opinion that plaintiff did not need assignment to AHU and reminded plaintiff that staff and other inmates did not know the information about his past until plaintiff shared it. Capt. Pedro indicated that he considered "this matter closed at this time." *Id.*

Plaintiff filed an appeal, and on October 24, 2014, his appeal was returned it for corrections because it was considered outside the scope of the original grievance. Eynon Decl. Att. 9 at 3-4. On December 9, 2014, plaintiff submitted a second appeal. *Id.* Att. 9 at 5. This appeal was denied because it was received more than 14 days after the first appeal response was sent to plaintiff. *Id.* at 6. Consequently, plaintiff did not exhaust the administrative process for this grievance. *Woodford*, 548 U.S. at 93-95 (requirement of "proper exhaustion" is not met when prisoners miss deadlines set by the institution's grievance policy).

Plaintiff does not dispute that he failed to exhaust his administrative remedies or allege that they were unavailable to him. Rather, plaintiff simply states that in response to Grievance No. TRCI-2014-09-125, Capt. Pedro indicated that he considered the matter of plaintiff's housing request to be "closed." Regardless of what Capt. Pedro stated, additional administrative remedies remained with respect to Grievance No. TRCI-2014-09-125 and plaintiff did not complete them.

In sum, plaintiff did not exhaust his administrative remedies for any grievance related to the failure to protect him from Johnson or housing retaliation. Therefore, plaintiff's failure to protect and housing retaliation claims are barred under the PLRA.

B. Deliberate Indifference to his Serious Medical Needs

Plaintiff alleges deliberate indifference to his serious medical needs based on a delay in receiving dental care. Plaintiff alleges that the assault by Johnson on September 10, 2014

resulted in a broken tooth and severe pain and that he was not examined by a dentist until November 14, 2014. Compl. at 5. In support of his claim, plaintiff submits inmate communication forms requesting dental care in September and November 2014. Pl.'s Response at 24-26 (ECF No. 44). However, plaintiff did not submit a formal grievance until November.

Specifically, on November 20, 2014, plaintiff submitted Grievance No. TRCI-2014-11-086 (dated November 18, 2014) and complained about his dental treatment. Eynon Decl. Att. 10 at 1. Dr. Bender responded and explained that plaintiff had a tooth extracted on October 31, 2014 and was seen and treated two weeks later, on November 14, 2014, for an infection. *Id.* Att. 10 at 2. Dr. Bender further noted that plaintiff had a follow-up exam on November 21, 2014 and a small bone fragment was removed and the extraction site was reopened and cleaned. *Id.* Ultimately, Dr. Bender stated that he did not see cause for plaintiff's allegedly severe pain. *Id.* Plaintiff did not appeal the response he received from Dr. Bender.

Accordingly, plaintiff failed to exhaust his administrative remedies with respect to his claim alleging lack of dental care, and this claim is barred.

## CONCLUSION

For the reasons explained above, plaintiff's claims are barred under the PLRA, and defendant's Motion for Summary Judgment (ECF No. 30) is GRANTED.

IT IS SO ORDERED.

DATED this 8th day of June, 2017.

 /s Michael J. McShane   _
Michael McShane
United States District Judge